FRANK GRIMES, Respondent, *v.* SHELL UNION OIL CORPORATION, Appellant.

Third Department, July 2, 1941.

*Carter & Conboy*, for the appellant.

*Wiswall, Walton, Wood & MacAffer* [*Frank L. Wiswall* of counsel, *Carl O. Olson* with him on the brief], for the respondent.

HILL, P. J. Defendant appeals from a judgment for damages in favor of the plaintiff for personal injuries, entered upon a verdict of $20,000. The complaint alleges that defendant "requested Frank J. Stanton to furnish men, trucks and rigging for the purpose of assisting in the leveling of four certain oil tanks located at a

storage plant owned, operated and controlled by the " defendant and that plaintiff and other employees of Stanton were sent to the plant to do the work; that plaintiff was injured through the negligence of the employee of the defendant who undertook supervision and directed how the work was to be done. The answer admits that defendant " made a contract with F. J. Stanton to level and remove four storage tanks located at the plant of the defendant on Freeman's Road, in the County of Schenectady, New York," but denies negligence and all other allegations contained in the complaint, and pleads as affirmative defenses: contributory negligence of the plaintiff or a fellow-servant for whose acts the defendant was not responsible, and assumption of risk incident to the work. Upon the opening of the trial, defendant's counsel asked " to amend the answer so as to set up that the remedy of the plaintiff is exclusively under the Workmen's Compensation Law. * * * This is an industrial accident arising out of the work this man was doing, and on that basis the Shell Union is not legally responsible, and that is why we are setting it up as a defense." The amendment was not formally phrased. From incidents during the trial there might be uncertainty whether the defendant intended to plead that plaintiff was in its employ and should receive compensation from it, or remained in the employ of Stanton, to be compensated by him and his carrier. This is clarified by a request to charge made by defendant's counsel, " and I ask your Honor to charge that under the provisions of the Workmen's Compensation Law, Grimes, as an employee of Stanton, is entitled to receive all of his medical and hospital expenses, and two-thirds of his average weekly earnings " during disability.

Plaintiff has recovered upon the theory that he at all times was the employee of Stanton, and that his injuries resulted from the negligence of a Mr. Stewart, an employee of defendant, who took charge of the lowering of the tanks, not only as to ultimate results but as to all details, and that his remedy is not under the Workmen's Compensation Law, but at common law against a third person, the defendant, who was responsible for its servant's negligence under the doctrine of *respondeat superior*.

The storage tanks were ten or twelve feet in diameter and about thirty feet high. They were arranged about six or eight feet apart, with a catwalk between, upon a square concrete base, the bottoms sealed by a concrete flange. A three-inch vent pipe extended up eighteen inches from the center of each roof. Defendant desired to have them lowered to the ground adjacent to the base, where they would be loaded and conveyed intact to another location. When plaintiff and the other Stanton employees arrived

at the location, they found Stewart and at least one other of defendant's employees. The evidence will sustain the finding that Stewart took entire charge and control of the work and directed that tank No. 1 be lowered to the ground by ropes fastened about it which were to be paid out and snubbed from the vent pipes on the other tanks as directed by him. All the tanks fell because of the strain and stress of the ropes about the vent pipes, and plaintiff, who was paying out one of the ropes as directed by Stewart, was thrown to the ground and received very serious injuries.

Under the doctrine restated in *Ramsey* v. *New York Central R. R. Co.* (269 N. Y. 219) plaintiff is entitled to recover against the defendant for Stewart's negligence. Proof was given as to the proper way to lower the tanks by the use of a gin pole or block, and that the method and manner adopted by Stewart were careless, negligent and dangerous. The court charged that if the jury found that Stewart adopted an improper plan and method, or was negligent in giving directions as to lowering the tank, plaintiff could recover if he was not guilty of contributory negligence.

Defendant asks for a reversal for errors in the charge and in passing upon requests to charge. The court charged: " Did Grimes pass out of the control and direction of Stanton into that of the Shell Union Oil Corporation? If you come to the conclusion that he didn't, but remained under the direction and control of Stanton, then he could not recover and your deliberation would be at an end," and further, " Now, ladies and gentlemen, upon the other hand if you think that he was not the loaned servant of the Shell Oil Company, but remained the servant of the independent contractor Stanton, then of course he could not recover, and your verdict would be no cause of action." Whatever may be said as to the correctness of the doctrine charged, defendant did not except to it, but plaintiff's counsel did, and further indicating that defendant's counsel approved, he excepted when the court charged a request made by the plaintiff's counsel: " In view of the request made by the defendant and the charge made, I ask your Honor to charge if the jury find that Grimes remained continuously in the employ of Stanton and during all times was Stanton's employee, that if the jury find that the detail and the method of this work was directed by Stewart with the authority of the defendant, and that the method and detail so directed and described by Stewart were negligent and resulted in the plaintiff's injury, and he was free from contributory negligence, that he may recover from the defendant." Defendant's counsel made several requests involving the assertion that plaintiff's only remedy was under the Work-

men's Compensation Law. That statute and its provisions were not an issue in the case. The plaintiff either was or was not entitled to recover under the common law, and the provisions of the statute mentioned were not for the consideration of the jury. Plaintiff did not assume the risk of the negligent conduct which the jury found. The court, in his main charge, had sufficiently covered that subject and the assertion that plaintiff was injured as a result of an unavoidable accident, so there was no error in refusing the requests. The verdict was not excessive, in view of the injuries received.

The judgment should be affirmed.

CRAPSER, HEFFERNAN and FOSTER, JJ., concur; SCHENCK, J., dissents and votes to reverse and for a new trial.

Judgment affirmed, with costs.